IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Indian River County, Indian River County Emergency Services District, Old Vero Ice Age Sites Committee, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Peter M. Rogoff, in his official capacity as the Under Secretary of Transportation for Policy of the United States Department of Transportation; and the United States Department of Transportation, <br><br> Defendants. | Civil Action No. 1:15-cv-00460 (CRC) |

## PLAINTIFFS' RESPONSE TO AAF HOLDINGS LLC'S MOTION TO INTERVENE

The Plaintiffs respectfully submit this statement in response to the motion of AAF Holdings LLC ("AAF Holdings") to intervene filed on April 24, 2015.

Federal Rule Civil Procedure 24(c) states that a "motion to intervene … must … be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Rule's use of the word "must" makes unambiguously clear that meeting this requirement is not optional. *See* Fed. R. Civ. P. 1, advisory committee note of 2007 (describing meaning of the term "must" in the Federal Rules of Civil Procedure).

On April 23 and April 24, 2015, the Plaintiffs, through the undersigned counsel, informed counsel for AAF Holdings that Plaintiffs did not object in principle to their motion to intervene but would not consent to the motion unless it met the requirement of Fed. R. Civ. P. 24(c), that is, that AAF Holdings disclose the defenses it intends to raise in this lawsuit. This is a

failing the proposed Intervener could have cured before it filed its Motion to Intervene. Plaintiffs respectfully assert that by failing to disclose these defenses in violation of Fed. R. Civ. P. 24(c), AAF Holdings is seeking to keep relevant information from the Plaintiffs and the Court in contravention of the Federal Rules.

As a courtesy, the undersigned emailed a copy of the Complaint in this lawsuit to counsel for AAF Holdings on March 31, 2015, the date that the Complaint was filed. Accordingly, AAF Holdings had ample time to prepare the responsive pleading that Fed. R. Civ. P. 24(c) requires before serving its Motion to Intervene. Its failure to serve that pleading with its motion is unfairly prejudicial to the Plaintiffs. Accordingly, the proposed Intervener should be required to amend its Motion to Intervene to meet the requirements of Fed. R. Civ. P. 24(c), at which time Plaintiffs will have no objection to their Motion to Intervene.

Dated: April 27, 2015

                Respectfully submitted,

                BRYAN CAVE LLP

                By: /s/ Philip E. Karmel
                Philip E. Karmel
                District Court Bar Number: NY0196
                1290 Avenue of the Americas
                New York, New York  10104-3300
                Telephone: 212-541-2311
                Email: pekarmel@bryancave.com

                Daniel C. Schwartz (Bar ID No. 017749)
                Caitlin E. Downs (Bar ID No. 1022956)
                BRYAN CAVE LLP
                1155 F Street, N.W., Suite 700
                Washington, D.C. 20004-1357
                Telephone: 202-508-6025
                Email: dcschwartz@bryancave.com
                Email: caitlin.downs@bryancave.com

                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2015, I caused copies of Plaintiffs' Response to AAF Holdings LLC's Motion to Intervene to be served by electronic means on all counsel of record through the Court's CM/ECF system.

/s/ Daniel C. Schwartz

BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6025

*Attorney for Plaintiffs*